## O'Masta v. O'Masta

*John N. Miller*, for plaintiff.

ZIEGLER, P. J., October 4, 1973.—We have encountered several problems in reviewing the report of the master which was filed prior to July 1, 1973, the effective date of amendments to Pennsylvania Rules of Civil Procedure 1124 and 1133, adopted March 28, 1973.

First, the complaint does not allege "the names and addresses of near relatives and other persons who would be likely to know the present residence and whereabouts of the defendant" in accordance with Pa. R.C.P. 1126(3), and no notice of hearing was given to such persons in accordance with Pa. R.C.P. 1133(a)(2). By paragraph 3 of her complaint, plaintiff alleged that the last known residence of defendant was R. D. #1, McVeytown, Mifflin County, Pa., and that present whereabouts of defendant is "c/o Bob's Mobile Auto Repairs, Tyrone Building, 3800 Street, St. Petersburg, Florida." However, the testimony indicates that defendant was employed at Bob's Mobile Auto Repair when the parties resided in Florida; that the parties then moved to said last known residence; that, after residing there for a time, defendant left plaintiff without disclosing destination and that plaintiff conjectured that defendant may have returned to the same employment in Florida. Under such circumstances, plaintiff had no knowledge of present whereabouts of defendant. Therefore, plaintiff should have alleged such lack of knowledge and also the "names and addresses of near relatives and other persons who would be likely to know the present residence and whereabouts" of defendant and should have given notice of the hearing to such persons in accordance with Pa. R.C.P. 1133(a)(2).

As a matter of practice, we suggest that names and addresses of such persons should be alleged when the pleader is uncertain of present whereabouts in order to avoid possible need for amendment to the complaint. This suggestion relates to practice subsequent to said amendments to Pa. R.C.P. 1124 and 1133.

Secondly, the sheriff made a "Not Found" return "after due and diligent search within [his] bailiwick."

To allow service under Pa. R.C.P. 1124(b), there should have been a simple return of "not found" unrestricted to the sheriff's bailiwick: Knight v. Knight, 70 D. & C. 229 (1950).

Thirdly, undelivered notice of hearing dispatched to defendant at present whereabouts alleged in complaint was defective. Pennsylvania Rule of Civil Procedure 1133(a)(2) provides for notice to a defendant who has not appeared by sending same to him at his "last known address." Without endeavoring to distinguish "last known address" and "last known residence" under Pa. R.C.P. 1126(3), we conclude that both were the same according to the testimony, i.e., the last known residence alleged in complaint. Accordingly, notice dispatched to defendant to unproven and erroneous present whereabouts alleged in complaint was invalid: Wagner v. Wagner, 59 D. & C. 2d 650 (1973).

Fourthly, the affidavit filed by plaintiff's attorney pursuant to Pa. R. C. P. 1124(b) is disapproved. That subsection requires, inter alia, an affidavit "of the *efforts he (the plaintiff) has made* to ascertain the present residence and whereabouts of the defendant." Verification is an act which may not be done for a party by his attorney pursuant to Pa. R.C.P. 1002. Moreover, the underscored words in quoted portion of Pa. R.C.P. 1124(b) suggest that plaintiff should personally endeavor to locate defendant. Plaintiff's familiarity with defendant's habits should better enable him to locate defendant. If both plaintiff and his attorney participate in such efforts, then we suggest that it would be better practice for them to file separate affidavits.

Finally, receipts and return receipts for registered and certified mail and original wrappers of unde-

livered items, together with copies of notices, should be filed of record in divorce proceedings to corroborate addresses and methods of mailing.

## ORDER

Now, October 4, 1973, the master having been appointed before the matter became at issue, his appointment is vacated and master's report is remanded in anticipation that plaintiff will proceed in accordance with this opinion as the same may have been modified by said amendments to Pa. R.C.P. 1124(b) and 1133 and that the same master will ultimately be reappointed. Exception is noted to John N. Miller, Esq., counsel for plaintiff.